# In the United States Court of Federal Claims

No. 08-669 C
(Filed: May 29, 2009)

```
************************************
JAMES COULTER                      *
                                   *
                                   *
              Plaintiff,           *
                                   *
       v.                          *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
                                   *
************************************
```

## OPINION

This is a breach of contract case transferred from the U.S. District Court for the Northern District of Texas. Plaintiff James Coulter alleges that the Government breached an Equal Employment Opportunity ("EEO") settlement agreement that he entered into with the United States Postal Service ("USPS") by failing to reinstate him at a Dallas, TX facility. Before the Court is Defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), filed on February 5, 2009. Defendant argues, *inter alia*, that the Court lacks jurisdiction to hear the case because Plaintiff failed to file it within the six-year statute of limitations, 28 U.S.C. § 2501. For the reasons discussed below, the Court agrees and, therefore, GRANTS Defendant's motion.

## I.     Background

Coulter was a PS-4 modified mailhandler at a Dallas USPS facility. Am. Compl. ¶ 5. Coulter suffered from bipolar disorder. *Id.* ¶ 6. Because of his disorder, Coulter was hospitalized. *Id.* ¶ 7. Following hospitalization, he attempted to return to work on February 1, 1999. *Id.* However, his supervisors did not permit him to return to work. *Id.* ¶ 9. Instead, they directed him, in a February 10, 1999, letter, to pursue vocational rehabilitation for absenteeism. *Id.* ¶¶ 9, 11.

In 1999, he filed an EEO complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that the USPS discriminated against him for his bipolar disorder and retaliating against him for pursuing EEO actions against it in the past. Am. Compl. ¶ 10. On March 24, 1999, Coulter and the USPS entered into a settlement agreement in which Coulter agreed to withdraw his pending EEO complaints in exchange for a USPS official "to do whatever possible" to have him

reinstated as an employee at the Dallas facility. *Id.* ¶ 12. However, in April 1999, the USPS denied his reinstatement efforts. *Id.* ¶ 13.

On August 9, 1999, Coulter filed another EEO complaint against USPS with the EEOC, this time alleging that he was subjected to discrimination on the basis of disability predicated upon the February 10, 1999 Letter, and that the USPS failed to honor its obligations under the March 24, 1999 settlement agreement. Am. Compl. ¶¶ 14, 35. After a protracted proceeding, his complaint was dismissed on February 8, 2005, by an administrative judge. *Id.* ¶ 19. The dismissal was upheld on appeal by the EEOC on July 26, 2005. *Id.* ¶ 23. Coulter requested reconsideration on August 26, 2005. *Id.* ¶ 24. Reconsideration was denied on May 17, 2006. *Id.* ¶ 25.

Coulter then filed a complaint in the district court on August 18, 2006, alleging breach of the settlement agreement; disability discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*; and retaliation in violations of Title VII, 42 U.S.C. § 2000e *et. seq.* Def. App. at 4, 9-13, 15. The district court dismissed, with prejudice, the disability discrimination and retaliation claims and transferred the breach of settlement agreement claim to this Court. *Id.* at 15-16. Coulter then filed his complaint, which he styled as an amended complaint, in this Court on October 23, 2008.

Coulter died intestate on May 18, 2007, and his daughter asserts that she is applying to serve as his representative. Am. Compl. ¶ 1.

## II.      Motion to Dismiss Standard

The Court must determine whether subject matter jurisdiction exists as a matter of law. *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1381 (Fed. Cir. 2002). Since this is a motion to dismiss, the Court must accept the well-pleaded allegations in the complaint as true. *See Miree v. DeKalb County*, 433 U.S. 25, 27 n.2 (1977); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). However, it is Plaintiff's burden to show, by a preponderance of the evidence, that jurisdiction exists. *See Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002); *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998).

## III.     Analysis

Under the Tucker Act, this Court has jurisdiction to hear actions "founded . . . upon any express or implied contract with the United States. . . ." 28 U.S.C. § 1491(a)(1). This jurisdiction is subject to a number of limitations, including a six-year statute of limitations on filing actions that begins to run on the date that the cause of action accrues. 28 U.S.C. § 2501. "The six-year statute of limitations set forth in [28 U.S.C. § ] 2501 is a jurisdictional requirement for a suit in the Court of Federal Claims." *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1354 (Fed. Cir. 2006), *aff'd* 522 U.S.130, 128 S.Ct. 750, 169 L.Ed. 2d 591 (2008).

A claim accrues "when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *Brown Park Estates-Fairfield Dev. Co. v. United*

*States*, 127 F.3d 1449, 1455 (Fed. Cir. 1997).  In an action for breach of contract, a cause of action accrues when a breach occurs.  *Alder Terrace, Inc.*, 161 F.3d. at 1377 (citing *Mfr. Aircraft Ass'n v. United States*, 77 Ct. Cl. 581, 523 (1933)).  As alleged in his complaint, the latest date that the USPS' breach of the settlement agreement would have taken place was on August 9, 1999, when Plaintiff alleges that he  filed his EEO complaint against USPS.  See Am. Compl. ¶ 35 ("Plaintiff Coulter presented his claim that The United States, through [USPS], failed to honor its obligations under the March 24, 1999 settlement agreement, which was made a basis in his August 9, 1999 EEO complaint. . . .").  Thus, the breach of contract claim accrued, and the statute of limitations began to run,  no later than August 9, 1999.  Coulter did not file his original complaint in district court until August 18, 2006, which is more than seven years after the breach.

Notwithstanding the fact that his Tucker Act claim accrued no later than August 9, 1999, Plaintiff, however, argues that the Court's jurisdiction did not arise until his Title VI complaint was dismissed in district court, and the Tucker Act claim was transferred to this Court.  The problem with Plaintiff's argument is that the six-year statute of limitations period had already expired prior to the filing of his complaint in district court.  While it is true that this Court could not have heard his discrimination and retaliation claims, that fact would not have precluded Plaintiff from timely filing his Tucker Act breach of contract claim in this Court while at the same time pursuing his retaliation and disability discrimination claims before either the EEOC or, later, the district court, *so long as he filed his breach of contract claim in this Court, first*, before filing claims in district court arising from the same operative facts.  *See* 28 U.S.C. § 1500 ("The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States . . . .").

Finally, Plaintiff's argument that he is entitled to equitable tolling cannot stand in light of the Supreme Court's recent decision in *John R. Sand & Gravel*, which confirms that the applicable statute of limitations 28 U.S.C.§ 2501 is "jurisdictional."  *John R. Sand & Gravel Co. v. United States*, 128 S.Ct. 750, 753-54 (2008).  *John R. Sand & Gravel* explains that jurisdictional statutes of limitations "seek not so much to protect a defendant's case-specific interest in timeliness as to achieve a broader system-related goal, such as facilitating the administration of claims, limiting the scope of a governmental waiver of sovereign immunity, or promoting judicial efficiency." *Id.* at 753.  Thus, while most statutes of limitations "typically permit courts to toll the limitations period in light of special equitable considerations," a jurisdictional statute of limitation such as 28 U.S.C. § 2501 is "more absolute." *Id.* at 753-54.  Thus, equitable tolling is not available.  *See Brown v. United States*, 84 Fed. Cl. 400, 406-08 (2008).

**IV.     Conclusion**

Because Plaintiff's complaint is time-barred under the six-year statute of limitations, Defendant's motion to dismiss is GRANTED.  The Clerk of the Court is directed to dismiss the complaint, for lack of jurisdiction.

 s/ Edward J. Damich
EDWARD J. DAMICH
Judge